UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARTEN TRANSPORT, LTD.
129 Marten Street,
Mondovi, Wisconsin 54755,

        Plaintiff,

vs.

LOGISTICAL ADVANTAGE CORP.,
14837 Detroit Road, Suite 122,
Lakewood, Ohio 44107,

        Defendant.

Case No. 1:22-cv-01118

## COMPLAINT

**NOW COMES** the plaintiff, Marten Transport, Ltd. ("Marten Transport"), by its counsel, and for its Complaint against the defendant, Logistical Advantage Corp. ("Logistical Advantage"), alleges and states as follows:

### PRELIMINARY STATEMENT

1. This action is brought to recover payments contractually promised to Marten Transport by Logistical Advantage.

2. Marten Transport is a corporation organized under the laws of the State of Delaware with a principal place of business located at 129 Marten Street, Mondovi, Wisconsin 54755.

3. Logistical Advantage is a for-profit corporation organized under the laws of the State of Ohio with a principal place of business located at 14837 Detroit Road, Suite 122, Lakewood, Ohio 44107.

4. Logistical Advantage has a registered agent of Angelo Capriato, 1237 Washington Avenue, Suite 912, Cleveland, Ohio 44113.

5. The matter in controversy in this action exceeds the sum of $75,000.00.

6. This Court has jurisdiction over the claims.

7. Venue for this action in the Northern District of Ohio is appropriate under 28 U.S.C. §§ 1391(b)(1) and (2).

## I.
## FACTUAL BACKGROUND

8. Marten Transport is a motor carrier with for-hire interstate operating authority provided by the Federal Motor Carrier Safety Administration. Marten Transport is authorized to transport freight as a motor carrier in interstate commerce between points and places in the United States.

9. Marten Transport and Logistical Advantage agreed to an arrangement whereby Logistical Advantage would tender loads of freight to Marten Transport for transportation of such freight.

10. On or around May 29, 2015, the parties executed a Motor Carrier Transportation Agreement, attached hereto as *Exhibit A*.

11. On or around August 2, 2017, the parties executed a Carrier Agreement, attached hereto as *Exhibit B*.

12. Under the agreements (Exhibits A and B), Logistical Advantage tendered loads of freight to Marten Transport for transportation of such freight.

13. Marten Transport accepted the tender of such freight.

14. While Marten Transport transported the tendered freight and delivered it to its designation without incident, Logistical Advantage failed to pay for the transportation as promised for all loads tendered.

15. By April 2020, Logistical Advantage owed Marten Transport $594,102.00 for services rendered.

16. Seeking payment of the $594,102.00, the parties participated in discussions about repayment of the amount due and owing.

17. On April 16, 2020, the parties entered into a Settlement Agreement and Mutual General Release ("Settlement Agreement"), attached hereto as *Exhibit C*.

18. The Settlement Agreement contained a forum selection clause wherein the parties agreed that "any litigation arising out of or connected in any way with this Agreement shall take place in a state or federal court of competent jurisdiction in Ohio." (*Ex. C*, § 11.)

19. Further, the parties agreed that "in the event that a court finds that a violation of the terms and provisions of this Agreement has occurred, and that it must take steps to enforce the terms and provisions of this Agreement, or that a Party is entitled to damages, the prevailing Party shall be entitled to an award of its reasonable attorneys' fees and costs incurred." (*Ex. C*, § 12.)

20. The Settlement Agreement provided for an initial payment of $105,000.00 and dictated a schedule of payments. (*Ex. C*, § 1.a.)

21. Under the Settlement Agreement, Logistical Advantage agreed that "[a]ny portion of the Remaining Balance, including accrued interest and attorneys' fees as set forth below, shall be paid on or before December 31, 2020." (*Ex. C.*, § 1.c.ix.)

22. Under the terms of the Settlement Agreement, Marten Transport agreed to release its claims against Logistical Advantage related to the unpaid amounts "[u]pon payment of the entire Balance." (*Ex. C*, § 3.)

23. Since April 16, 2020, Logistical Advantage has reduced the amount of installment payments below the amount dictated by the Settlement Agreement.

24. Also, since April 16, 2020, Logistical Advantage has missed payments required under the terms of the Settlement Agreement.

25. For example, Logistical Advantage has missed installment payments on May 15, 2022, June 1, 2022, and June 15, 2022.

26. Logistical Advantage has failed to pay $197,869.00 required by the Settlement Agreement.

27. Marten Transport demanded repayment of the amount owed, but Logistical Advantage has not made any further payments.

28. To date, $197,869.00 remains due and owing to Marten Transport.

## II.
## COUNT ONE
**(Breach of Contract)**

29. Marten Transport incorporates the allegations contained within Paragraphs 1 through 28 of its Complaint as if fully set forth herein.

30. Under the terms of the Settlement Agreement, Logistical Advantage and Marten Transport agreed that Logistical Advantage would make dictated payments to satisfy amounts previously due and owing.

31. Logistical Advantage has failed to make the payments on the installment payment schedule to which it agreed.

32. In failing to make timely agreed payments, Logistical Advantage breached the Settlement Agreement.

33. Under the Settlement Agreement, $197,869.00 remains due and owing from Logistical Advantage to Marten Transport.

## III.
## COUNT TWO
## Unjust Enrichment

34. Marten Transport incorporates the allegations contained within Paragraphs 1 through 33 of its Complaint as if fully set forth herein.

35. Marten Transport agreed to settle claims against Logistical Advantage in exchange for Logistical Advantage's promise to make installment payments to satisfy amounts that it owed Marten Transport.

36. Marten Transport reasonably expected Logistical Advantage to make the payments that it had agreed to pay.

37. Logistical Advantage should have reasonably expected to make the payments to which it agreed in order to satisfy its debt to Marten Transport.

38. Logistical Advantage's failure to make agreed payments constitutes an actual wrong.

39. Marten Transport has conferred a measurable benefit on Logistical Advantage.

40. Logistical Advantage's retention of the benefit without payment is unjust.

41. Marten Transport has suffered damages due to its reliance upon Logistical Advantage's promise to make agreed payments in settlement of its claims.

42. Logistical Advantage has profited from its failure to pay Marten Transport.

## IV.
## COUNT THREE
### Account Stated

43. Marten Transport incorporates the allegations contained within Paragraphs 1 through 42 of its Complaint as if fully set forth herein.

44. Mutual dealings between the parties have occurred wherein Logistical Advantage agreed to pay amounts due and owing.

45. Marten Transport has accurately informed Logistical Advantage of the amount is owes Marten Transport.

46. Logistical Advantage is aware of the balance due and owing to Marten Transport and has assented to that amount.

47. Logistical Advantage acknowledged the amount it owed Marten Transport in the Settlement Agreement. (*Ex. C*)

48. Logistical Advantage has acknowledged the amount it currently owes Marten Transport through correspondence with Marten Transport.

49. Logistical Advantage has not objected to the amount it has been informed it owes Marten Transport.

50. Logistical Advantage has failed to pay the balance it owes Marten Transport, despite promising to do so.

WHEREFORE, Marten Transport, by its counsel, respectfully requests that the Court enter judgment in its favor and against Logistical Advantage and award Marten Transport:

A. All damages available, including direct, consequential, and incidental damages, for Logistical Advantage's breach of contract, including prejudgment and post-judgment interest;

6

B.    All damages available for Marten Transport's claim of account stated;

C.    All damages incurred as a result of Logistical Advantage's unjust enrichment;

D.    Attorney's fees and costs incurred by Marten Transport in prosecuting this action; and

E.    Any and all other relief which the Court may deem proper.

Respectfully submitted this 24th day of June, 2022.

s/ *[signature]*
Alexander C. Karcher (0098192)
ROETZEL & ANDRESS LPA
41 South High Street
Huntington Center, 21st Floor
Columbus, OH 43215
(614) 636-1966
akarcher@ralwaw.com

Andrew R. Brehm
(*pro hac vice* forthcoming)
SCOPELITIS GARVIN LIGHT
HANSON & FEARY, P.C.
330 East Kilbourn Avenue, Suite 827
Milwaukee, WI 53202
(414) 219-8500
abrehm@scopelitis.com

ATTORNEYS FOR PLAINTIFF,
MARTEN TRANSPORT, LTD.

4861-3509-8149, v. 1
4861-3509-8149, v. 1